UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH HILL, an individual,

        Plaintiff,

vs.

LUKE BRITTAN, individually,

        Defendant.

Case No. 1:23-cv-
Hon.

William F. Piper (P38636)
William F. Piper, P.L.C.
**Attorney for Plaintiff**
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009
Email: wpiper@wpiperlaw.com

## COMPLAINT

The plaintiff Ruth Hill, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff Ruth Hill is a individual who resided at 210 Oak Street in the City of Dowagiac, County of Cass, State of Michigan, at all times relevant to this complaint.

2. The defendant Luke Brittan was a police officer for the City of Dowagiac police department at all time relevant to this complaint.

3. The events complained of occurred on July 9, 2020 at 210 Oak Street, City of Dowagiac, inside of the residence of Ruth Hill.

4. The events complained about were committed by the defendant under color of state law but not under a legitimate exercise of governmental authority.

5. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. The claims in this lawsuit arise under 42 U.S.C. § 1983.

## **COMMON ALLEGATIONS**

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. On July 9, 2020 at approximately 2:00 p.m., the defendant was dispatched to 210 Oak Street.

9. When he was there William Rhodehouse told the defendant that Amelia Burch, who is the plaintiff Ruth Hill's, daughter had pushed him, had thrown things out of a car and had driven away.

10. The defendant officer Brittan told Mr. Rhodehouse to call him if Ms. Burch returned.

11. Around a half hour later a 911 call came from the same location at 210 Oak Street, but there was no information regarding the reason for the call.

12. The defendant officer Brittan went to 210 Oak Street in his patrol vehicle.

13. When he arrived at the front door he saw an uninjured and non-distressed. Mr. Rhodehouse walking out of the residence carrying a television that he claimed Amelia Burch had broken.

14. The defendant did not hear anyone asking for help from within the residence, because no one was, and he did not observe any injuries on any individuals that he saw, because there were not any such injuries.

15. The defendant did not observe, nor did he hear, any commotion within the residence.

16. The defendant nevertheless told Amelia Burch, when he saw her through the door, to exit the residence to talk to him.

17. Amelia Burch refused to exit the residence.

18. The plaintiff, Ruth Hill, who had just returned home, went to the front door, outside of which stood the defendant.

19. The plaintiff Ruth Hill then noticed that the defendant was attempting to enter the residence, and she stated, " don't come into my house!"

20. Ms. Hill then tried to shut the door, but the defendant officer Brittan stopped her.  He then told her not to shut the fucking door.

21. The defendant Brittan kicked the door in, causing the door to hit Ms. Hill's head, dazing her, and he then entered the residence.

22. The defendant then shoved Ms. Hill against a wall and used force against Ms. Hill's body, causing her numerous large and serious bruises and severe pain.

23. The defendant continued using force against Ms. Hill and drew his taser.

24. Amelia Burch then told the defendant to stop hurting her mother.

25. The defendant Burch approached Ms. Burch and arrested her.

26. The defendant Brittan also handcuffed and arrested Ms. Hill, searched her body, and charged her with a felony of attempted disarming of a police officer, contrary to MCL 750.489 (b)(1), and three misdemeanor counts of assaulting a police officer, contrary to MCL 750.81 (d)(1), for allegedly assaulting the defendant, another Dowagiac police officer, and a tribal police officer.

27. After a motion hearing in the Cass County Circuit Court, the circuit court judge dismissed the charges against Ms. Hill, because they had no factual or legal basis, because of the unconstitutional entry into the home of Ms. Hill by the defendant.

28. As a result of the incidents set forth above, the plaintiff has suffered and will continue to suffer pain, physical injuries, emotional distress, a loss of money, inconvenience, shock, humiliation, embarrassment, fear, anger, loss of self esteem and other consequential damages.

## COUNT I – UNCONSTITUTIONAL ENTRY, SEIZURE AND SEARCHES

29. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 28 of this complaint.

30. The defendant entered the home he knew to be that of Ruth Hill, as set for the above, without a warrant, without consent to enter, and without exigent circumstances or any other exception to the warrant requirement. He then arrested and searched her.

31. The defendant forcibly opened the door and forcibly overcame Ms. Hill's attempts to stop him from entering her home.

32. It was clearly established on July 9, 2020 that the defendant could not forcibly enter a home of the homeowner without a warrant, without consent and without exigent circumstances for doing so, to arrest and search within.

33. The defendant could not reasonably have believed that he had the lawful authority to conduct the actions set forth above, nor could he reasonably have believed that his actions described above were lawful or within the constitutional limitations on the exercise of his authority under the Fourth and Fourteenth Amendments to the constitution of the United States.

34. As a result of the actions discussed above, Ms. Hill has suffered and will continue to suffer the damages set forth above.

35. These claims are actionable under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff Ruth Hill requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, attorneys fees under 42 U.S.C. 1988, and any other relief this Court deems fair and just.

## **COUNT II – EXCESSIVE FORCE**

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 35 of this complaint.

37. The right not to be subjected to excessive force was a clearly established constitutional right on July 9, 2020.

38. The defendant used excessive force against Ms. Hill, even if he had the right to be in her home, which he clearly did not.

39. The defendant had no right to use any force against Ms. Hill, because he had made an unconstitutional entry into her home, and she had the right to resist an unlawful entry and arrest.

40. The defendant could not reasonably have believed that he had the lawful authority to use the force against Ms. Hill that he did, nor could he reasonably have believed that the force he used against Ms. Hill was lawful or within the constitutional limitations on the exercise of his authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. This claim is actionable under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff Ruth Hill requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, attorneys fees under 42 U.S.C. 1988, and any other relief this Court deems fair and just.

## COUNT III – MALICIOUS PROSECUTION
## (PROSECUTION WITHOUT PROBABLE CAUSE)

42. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 41 of this complaint.

43. It is clearly established that an officer cannot request and pursue charges against a citizen without probable cause for so doing.

44. The acts of the defendant of so doing violated Ms. Hill's clearly established constitutional right to be free from this unconstitutional conduct under the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. As a result of the unconstitutional conduct set forth above, Ms. Hill has suffered and will continue to suffer the damages set forth above.

46. This claim is actionable under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff Ruth Hill requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, attorneys fees under 42 U.S.C. 1988, and any other relief this Court deems fair and just.

Dated: February 3, 2023

William F. Piper, PLC.
Attorney for Plaintiff

By:   /s/ William F. Piper
     William F. Piper (P38636)
BUSINESS ADDRESS:
     1611 W. Centre Ave., Suite 209
     Portage, MI 49024 (269) 321-5008